**United States District Court**
For the Northern District of California

1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
                                        )  Case No. 12-5948 SC
9                                       )
   TERRY FREITAS, et al.,               )  ORDER GRANTING MOTION TO REMAND
10                                      )
              Plaintiffs,               )
11       v.                             )
                                        )
12  MCKESSON CORPORATION, et al.,       )
                                        )
13            Defendants.               )
                                        )
14                                      )

15

16

17  **I.    INTRODUCTION**

18       The instant matter is a pharmaceutical product liability

19  action.  Defendants Brenn Distribution, Inc. and Brenn

20  Manufacturing, Inc. ("Defendants") removed the action to this Court

21  from California Superior Court, and plaintiffs Terry Freitas and

22  other plaintiffs joining in her complaint (collectively

23  "Plaintiffs") now move to remand the action back to state court.

24  ECF No. 25-1 ("Mot.").  For the reasons explained below,

25  Plaintiffs' motion to remand is GRANTED.

26  ///

27  ///

28  ///

**United States District Court**
For the Northern District of California

1  **II.   BACKGROUND**

2        This action is one of many related cases now pending in

3  California state and federal courts.  See Mot. at 1-4.  It involves

4  alleged harms to consumers from pharmaceutical products containing

5  propoxyphene, including the drug Darvocet.  Id.  Plaintiffs filed a

6  complaint in state court on October 31, 2011.  Id. at 2.  On

7  December 6, 2011, Defendants removed to federal court on the basis

8  of diversity jurisdiction, arguing fraudulent joinder and

9  misjoinder.  Id.  This case, among others, was then transferred by

10  the Judicial Panel on Multidistrict Litigation to MDL No. 2226,

11  pending in the Eastern District of Kentucky.  Id.  Judge Reeves,

12  the judge presiding over that MDL, remanded this action and others

13  back to California Superior Court on July 17, 2012, rejecting

14  Defendants' arguments that certain parties had been fraudulently

15  joined to prevent diversity.  Freitas v. McKesson Corp., No. 2-12-

16  50-DCR, 2012 U.S. Dist. LEXIS 101955, at *34 (E.D. Ky. July 17,

17  2012).

18        Once they were back in California Superior Court, Plaintiffs

19  filed a Petition for Coordination with the California Judicial

20  Counsel on October 23, 2012, asking to coordinate this action with

21  the numerous, related multi-plaintiff pharmaceutical actions also

22  pending in California state court.  Mot. at 2.  Plaintiffs'

23  Petition stated that seven actions concerned "the same defective

24  Darvocet Product, the same or substantially similar causes of

25  action, the same or substantially similar issues of law, [and] the

26  same or substantially similar issue," such that "[o]ne judge

27  hearing all of the actions for all purposes in a selected site or

28  sites will promote the ends of justice," and "[f]ailure to

**United States District Court**
For the Northern District of California

1    coordinate these actions will result in the disadvantages of

2    duplicate and inconsistent rulings, orders, or judgments."   Mot.

3    Ex. 8 ("Petition") at 2, 8, 10 (emphasis added).

4         On November 20, 2012, Defendants filed a notice of removal in

5    this Court, claiming that the Court has subject matter jurisdiction

6    over the action (1) as a mass action under the Class Action

7    Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), or, alternatively, (2)

8    under the diversity jurisdiction statute, 28 U.S.C. § 1332(a).   ECF

9    No. 1 ("Notice of Removal").   Plaintiffs now move to remand for

10   lack of subject matter jurisdiction.   Defendants oppose, arguing

11   primarily that Plaintiffs' request to coordinate the cases "for all

12   purposes" rendered removal proper under CAFA, because, as

13   Defendants claim, such language implies coordination through trial,

14   thereby rendering this action a "mass action" under CAFA.   ECF No.

15   29 ("Opp'n").

16        This Court has already remanded two related propoxyphene

17   liability cases to California Superior Court on the grounds that

18   removal under CAFA was improper.   See Posey v. McKesson Corp., No.

19   C 12-05939 RS, 2013 WL 361168, at *5 (N.D. Cal. Jan 29, 2013); Rice

20   v. McKesson Corp., No. C 12-05949 WHA, 2013 WL 97738, at *3 (N.D.

21   Cal. Jan. 7, 2013).   Defendants have appealed to the Ninth Circuit

22   in both of those cases, arguing that even though the Ninth Circuit

23   has a rule in place for matters like this one, Tanoh v. Dow Chem.

24   Co., 561 F.3d 945, 954-954 (9th Cir. 2009), courts within the Ninth

25   Circuit should adopt the Seventh Circuit's reasoning in a similar

26   case, In re Abbott Labs, Inc., 698 F.3d 568, 573 (7th Cir. 2012).

27   See Pet. for Permission to Appeal at 8, Posey v. Covidien, Inc.,

28   No. C 13-80019 (9th Cir. Feb. 7, 2013) ECF No. 1-2 ("This Court

3

**United States District Court**
For the Northern District of California

1  should grant review to determine whether to adopt the Seventh

2  Circuit's holding in <u>Abbott</u> . . . .").

3

4  **III.   LEGAL STANDARD**

5      **A.    Removal**

6      A defendant may remove a civil action from state court to

7  federal court if original jurisdiction would have existed at the

8  time the complaint was filed.   28 U.S.C. § 1441(a).   If the case

9  stated by the initial pleading was not removable, a defendant may

10  remove within thirty days of receipt of an amended pleading,

11  motion, order, or other paper rendering the action removable.   28

12  U.S.C. § 1446(b)(2).

13      Removal under CAFA is proper for "mass action" suits if (1)

14  the amount in controversy exceeds five million dollars; (2) there

15  is minimal diversity, meaning that at least one plaintiff is

16  diverse from one defendant; (3) the monetary relief claims of 100

17  or more plaintiffs are proposed to be tried jointly, on the grounds

18  that the plaintiffs' claims involve common questions of law or

19  fact; and (4) at least one plaintiff's claim exceeds $75,000.   28

20  U.S.C. § 1332(d); <u>Abrego v. Dow Chem. Co.</u>, 443 F.3d 676, 689 (9th

21  Cir. 2006).

22      "[R]emoval statutes are strictly construed against removal."

23  <u>Luther v. Countrywide Home Loans Servicing LP</u>, 533 F.3d 1031, 1034

24  (9th Cir. 2008).   "Federal jurisdiction must be rejected if there

25  is any doubt as to the right of removal in the first instance,"

26  such that courts must resolve all doubts as to removability in

27  favor of remand.   <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir.

28  1992).   The party seeking removal bears the burden of establishing

**United States District Court**
For the Northern District of California

1  federal jurisdiction.  Id. at 566-67.

2        **B.    Diversity Jurisdiction**

3        District courts have original jurisdiction over all civil

4  actions "where the matter in controversy exceeds the sum or value

5  of $75,000, exclusive of interest and costs, and is between . . .

6  citizens of different States."  28 U.S.C. § 1332(a).  When federal

7  subject matter jurisdiction is predicated on diversity of

8  citizenship, complete diversity must exist between the opposing

9  parties.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-

10 74 (1978).  A non-diverse party named in a complaint can be

11 disregarded for purposes of determining whether diversity

12 jurisdiction exists if a district court determines that the party's

13 inclusion in the action is a 'sham' or 'fraudulent.'"  McCabe v.

14 Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

15

16 **IV.   DISCUSSION**

17        **A.    Defendants' Removal on Diversity Grounds Was Improper**

18        In Defendants' Notice of Removal, Defendants claim that this

19 Court has diversity jurisdiction over this case pursuant to 28

20 U.S.C. §§ 1332, 1441, and 1446, because this is a civil action in

21 which the amount in controversy exceeds the sum of $75,000,

22 exclusive of costs and interest, and is between citizens of

23 different states.  In support of removal on these grounds

24 Defendants incorporate by reference arguments they filed when this

25 case was associated with the MDL in the Eastern District of

26 Kentucky -- arguments that Judge Reeves rejected.  See Freitas,

27 2012 U.S. Dist. LEXIS 101955, at *34.  Defendants had argued that

28 certain parties had been fraudulently joined in order to defeat

1   diversity.  See id. at *1.  Here, Defendants add nothing to their

2   rejected argument, submitting only that Judge Reeves' decision was

3   in error.  Notice of Removal at 12.  Defendants further note that

4   they assert these arguments to prevent waiver.  Id.

5        This Court already rejected virtually identical arguments made

6   by Defendants in a related case.  Rice, 2013 WL 97738 at *3.  In

7   that matter this Court stated that, because Defendants did not

8   challenge Judge Reeves' holdings or reasoning, nor did they explain

9   why they should not be estopped from asserting diversity

10  jurisdiction a second time, the Court would not "question Judge

11  Reeves' holdings and attempt to manufacture a basis for federal

12  jurisdiction that [Defendants] themselves fail to articulate."  Id.

13  at 5.

14       The Court will not revisit the argument in this matter either.

15  Defendants fail to show that removal on diversity grounds is

16  proper.

17       **B.    Defendants' Removal Under CAFA Was Improper**

18       As they have done twice before this Court, Defendants argue

19  that the instant action is a "mass action" under CAFA because -- as

20  Defendants claim -- Plaintiffs proposed to try 100 or more persons'

21  monetary claims jointly.  Notice of Removal at 6-11; Opp'n at 5-12.

22       As this Court noted in rejecting Defendants' arguments in

23  Rice, 2013 WL 97738 at *2, Plaintiffs' Petition does not explicitly

24  propose that Plaintiffs' claims be tried jointly, as CAFA requires,

25  per 28 U.S.C. § 1332(d).  Plaintiffs asked generally that their

26  cases be consolidated "for all purposes" before a "coordination

27  trial judge," phrasing that, according to Defendants, means that

28  Plaintiffs have implicitly proposed a removable mass action under

1  CAFA.  See Notice of Removal at 6-11; Opp'n at 5-6.  However,

2  "coordination trial judge" is merely the nomenclature used by the

3  California Rules of Court to describe any judge who hears

4  coordinated actions "for all purposes."  See Posey, 2013 WL 361168

5  at *3 (citing Cal. R. Ct. 3.540(b) (defining "coordination trial

6  judge"); Cal. Code Civ. Proc § 404.1 (explaining the role of such a

7  judge)).  Moreover, CAFA does not consider claims "consolidated or

8  coordinated solely for pretrial proceedings" to be "mass actions"

9  that are removable to federal court.  See id. at 5 (citing 28

10 U.S.C. § 1332(d)(11)(B)(ii)(IV)).  As Plaintiffs have explained,

11 their Petition was filed solely for pretrial purposes, not as a

12 means of obtaining a joint trial.  Reply at 6.  The Petition does

13 not explicitly request coordination through trial.

14      Indeed, as this Court has noted in previous orders on this

15 issue, the Ninth Circuit has explained very clearly that the

16 definition of "mass action" is narrowly drawn, and Congress did not

17 intend to "allow courts to override the considered legislative

18 limitations in the 'mass action' concept."  Tanoh, 561 F.3d at 954-

19 954; see also Rice, 2013 WL 97738 at *2 (citing Tanoh for this

20 proposition); Posey, 2013 WL 361168 at *3 (same)).  Inferring a

21 request for a joint trial from Plaintiff's Petition, which does not

22 expressly request such a trial, "would conflict with both the

23 guidance prov[ided] by our court of appeals in Tanoh, as well as

24 with the general canon of strict construction of removal statutes."

25 Rice, 2013 WL 97738 at *2.  The Court again rejects Defendants'

26 arguments to that effect.

27      Defendants cite a Seventh Circuit case to support their

28 argument that a joint trial for CAFA purposes can be inferred from

**United States District Court**
For the Northern District of California

1 a coordination petition when the petition's language comes close to

2 asking for a joint trial. <u>See</u> Opp'n at 7-8 (citing <u>Abbott</u>, 698

3 F.3d at 573). No matter how convincing Defendants find the Seventh

4 Circuit's reasoning, the Court is bound by the Ninth Circuit's

5 ruling from <u>Tanoh</u>. In any event, <u>Abbott</u> concerned plaintiffs who

6 had explicitly asked for their cases to be consolidated "through

7 trial" and "not solely for pretrial proceedings." <u>Abbott</u>, 698 F.3d

8 at 571. <u>Abbott</u> is therefore both distinguishable from <u>Tanoh</u> and

9 not binding on the Court. The Court accordingly rejects

10 Defendants' arguments on this point.

11

12 **V.    CONCLUSION**

13      For the reasons explained above, Plaintiffs' Motion to Remand

14 is GRANTED. The case is remanded to the California Superior Court

15 for the County of San Francisco. Plaintiffs' request for costs and

16 attorneys' fees associated with seeking remand are DENIED because

17 the Court does not find Defendants' arguments objectively

18 unreasonable. All other pending motions are DENIED AS MOOT.

19

20      IT IS SO ORDERED.

21

22      Dated: FEBRUARY 25 , 2013

23                               UNITED STATES DISTRICT JUDGE

24

25

26

27

28

8